```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
PETER GOTTI                                       :
                                                  :
                       Petitioner,                :     08 Civ. 7178 (HB)
                                                  :
       -against-                                  :     OPINION & ORDER
                                                  :
UNITED STATES OF AMERICA,                         :
                                                  :
                       Respondent.                :
------------------------------------------------------------------x
```

**Hon. Harold Baer, Jr., District Judge:**

In an Opinion and Order dated April 15, 2009 ("April 15 Order"), this Court denied the motion of Petitioner Peter Gotti to vacate his conviction pursuant to 28 U.S.C. § 2255. On April 25, 2009, Petitioner moved for reconsideration of the Court's April 15 Order. The Government filed an opposition to the motion for reconsideration on May 19, 2009; no reply was filed. For the reasons that follow, Petitioner's motion is denied.

## I.  BACKGROUND

The facts underlying this matter were discussed at length in the April 15 Order, and they will not be repeated here. *See Gotti v. United States*, No. 08 Civ. 7178 (HB), 2009 WL 1010498, at *1-2 (S.D.N.Y. Apr. 15, 2009). In the April 15 Order, the Court considered voluminous records of Petitioner's criminal proceeding and carefully considered the applicable law in concluding that (1) all of Petitioner's claims were procedurally barred for failure to raise them on his direct appeal of his conviction; (2) the Government's failure to produce recordings of conversations between a former informant and FBI agent did not violate Petitioner's rights under *Brady v. Maryland*, 373 U.S. 83 (1963); (3) Petitioner had failed to show that a hearing on the issue of jury tampering was warranted; and (4) the Supreme Court's decision in *United States v. Santos*, 128 S.Ct. 2020 (2008), defining the term "proceeds" in 18 U.S.C. § 1956 as profits, squarely encompassed the payments made to Petitioner that were the basis of his conviction for money laundering and conspiracy to launder money.  Plaintiff filed this motion for reconsideration on April 25, 2009.

## II.  DISCUSSION

**A.**     <u>**Legal Standard**</u>

A motion for reconsideration under Local Rule 6.3 is appropriate only where "the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotation marks and citation omitted); *see also Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000).  The Rule must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *DGM Invs., Inc. v. New York Futures Exch., Inc.*, 288 F. Supp. 2d 519, 523 (S.D.N.Y. 2003).  The purpose of this restrictive application of the Rules is, among other things, "to ensure the finality of decisions." *Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also In re Health Mgmt. Sys., Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (noting that reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources").  "The difficult burden imposed on the moving party has been established 'in order to dissuade repetitive arguments on issues that have already been considered fully by the Court.'" *Perez v. United States*, 378 F. Supp. 2d 150, 154 (E.D.N.Y. 2005) (quoting *Ruiz v. Commissioner of Dep't of Transp.*, 687 F. Supp. 888, 890 (S.D.N.Y.), *aff'd*, 858 F.2d 898 (2d Cir. 1988)).  "A motion for reconsideration is not an opportunity for the moving party 'to argue those issues already considered when a party does not like the way the original motion was resolved,'" *Lichtenberg v. Besicorp Group Inc.*, 28 Fed. Appx. 73 (2d Cir. 2002) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)), nor is it an opportunity for the moving party to "advance new facts, issues or arguments not previously presented to the Court," *Caribbean Trading & Fidelity Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991) (citation omitted).  The decision of whether to grant or deny a motion for reconsideration lies within the sound discretion of the district court. *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983); *Citigroup Global Markets Inc. v. VCG Special Opportunities Master Fund Ltd.*, 08-CV-5520 (BSJ), 2009 U.S. Dist. LEXIS 45819, at *3 (S.D.N.Y. June 1, 2009).

**B.**     <u>**Analysis**</u>

Petitioner's instant motion is essentially a recapitulation of the arguments he put forth in support of his initial petition for *habeas corpus* relief.  While Petitioner points out certain fine

points of fact that he contends were improvidently stated in the April 15 Order and that he argues "warrant correction," none of these contentions points to any facts that the court actually overlooked in its decision such that reconsideration of the facts could "reasonably be expected to alter the conclusion reached by the court." *In re BDC 56 LLC*, 330 F.3d at 123. Moreover, Petitioner restates his belief that the Government was in possession of tape recordings that he could have used for exculpatory and/or impeachment purposes at trial and that his constitutional rights were violated because he was denied access to those tapes at trial. In the April 15 Order, the Court rejected Petitioner's *Brady* arguments for two separate and independent reasons: first, that the claim was procedurally barred; and second, that Petitioner had not borne his burden of showing how the tapes could have been used to impeach any of the trial witnesses, and therefore failed to show any prejudice. None of Petitioner's arguments on reconsideration convinces me that I overlooked any point of fact or controlling law in reaching those conclusions.[1] If Petitioner wishes to advance arguments that the Court's conclusions were wrong, or that the facts or controlling law were misapplied, those arguments may be raised on appeal.

### III. CONCLUSION

For the foregoing reasons, Petitioner's motion for reconsideration is DENIED. The Clerk of the Court is instructed to close this case and remove it from my docket.

**IT IS SO ORDERED.**

New York, New York
~~July    2009~~
August 3, 2009

_____
U.S.D.J.

---

[1] Petitioner does not challenge any portion of the April 15 Order that denied *habeas* relief based on Petitioner's arguments that there may have been jury tampering or that the Supreme Court's decision in *Santos* applies retroactively and invalidates his 2003 conviction for money laundering under 18 U.S.C. § 1956 in the Eastern District of New York.

3